## CHAPMAN, ADMR., v. THE STATE OF ARKANSAS, USE, ETC.

REAL ESTATE BANK : *Stock mortgages to, effect of.*

The two conditions contained in the stock mortgages to the Real Estate Bank, the one for the payment of the bonds of the State and interest thereon, and the other for payment of moneys received from the bank on stock subscriptions, were as separate and distinct as if in separate instruments ; and the former, being prior in time and equity to the latter, could not be extinguished by a sale under a decree for the satisfaction of the latter.

APPEAL from *Pulaski* Chancery Court.

Hon. D. W. CARROLL, Chancellor.

*R. C. Newton* and *A. H. Garland*, for appellant :

The State's debt and lien have been fully paid off and discharged, and she has no right to foreclose.

*Attorney-General Moore*, for the State :

The foreclosure in the Chicot Circuit Court was only for *overdue interest* and *the advance interest*, and there was *no foreclosure of the stock mortgage* given by Smith, the lien of *which still subsists in full force.*

HOWARD, Special Judge. Reuben Smith, having subscribed for three hundred shares of the stock of the Real Estate Bank of the State of Arkansas, on the twenty-seventh day of April, 1837, executed his bond in the sum of thirty thousand dollars, in the usual form of such instruments, and his deed of mortgage, conveying certain described tracts of land in Chicot County, reciting the said bond, and conditioned that if the said Smith, or his assigns, should pay all

such moneys as he might receive from the bank on account of stock and interest thereon, and should pay or cause to be paid, so much, or such sum of the bonds of the State issued in favor of said bank, and the interest thereon, or so much as would be equal to the stock allowed, and also the said bond and interest thereon, the mortgage to be void.

On the sixteenth day of September, 1837, the Board of Managers, provided for by the charter, awarded to the said Smith one hundred and ninety-three shares of the stock of said bank, and he became to that extent a stockholder. On the twentieth day of October, 1839, the said Smith, appearing to be still the owner of one hundred and forty-three of such shares, borrowed on stock credit, seven thousand one hundred and fifty dollars, payable in annual installments, so that the whole sum should be paid on or before October 25, 1856, the part of said sum remaining unpaid at the end of each year to bear interest at the rate of eight per cent. per annum, payable annually in advance.

These installments, falling due, were not paid; nor was any of the advance interest.

In 1843 the trustees of the bank filed a bill in chancery, in the Chicot Circuit Court, against the administrators of the estate of said Smith, and his heirs at law (he having in the meantime died intestate), praying that said mortgage be foreclosed and the lands sold to pay said arrearages; and decree was, in accordance with the prayer of said bill, that unless defendants paid, by a day certain, the sum of three thousand six hundred and thirty-three dollars and seventy cents, the aggregate amount of installments of principal and advance interest due, the said mortgage be foreclosed, the equity of redemption of defendants barred, and the lands sold, subject to the charge of the residue of said debt. The lands were sold under said decree and purchased by

Johnson Chapman and Thomas N. Byers, the commissioner who made the sale reporting that the purchase-money was settled with the trustees of the bank ; and a deed was duly executed by the commissioner to the said Byers and Chapman, reciting the above-mentioned decree.

The same day of the acknowledgment of this deed, Byers and Chapman executed a mortgage of the same lands to the trustees of the bank, to secure the payment of nine thousand eight hundred and five dollars which they acknowledged to be due from them to the bank. This was the exact sum due on the note given by Smith for the money borrowed on the credit of his stock subscription. Full satisfaction of this mortgage was subsequently—February 22, 1859—acknowledged. The debt of Smith assumed by Byers and Chapman, on account of the loan, was paid and extinguished. Meanwhile, and before the satisfaction of this last-mentioned mortgage, Byers conveyed by deed all his interest in these lands, with other property, to Chapman, it being expressed in the deed that they were subject to any lawful liens that the State of Arkansas, the Real Estate Bank, or the holders of the bonds of the State, might have upon them.

The bill in the case before us is to foreclose the stock mortgage, first above recited, and to charge and condemn these lands to satisfy their due and proper proportion of the aggregate of all the debts legally chargeable upon all the lands mortgaged to said Real Estate Bank, to secure stock subscriptions, etc.

Mrs. Elizabeth Chapman, as administratrix of Johnson Chapman, deceased, appeared and answered the bill and claimed the lands, setting up that Byers and Chapman had assumed the stock debt of Reuben Smith, and paid the same off fully, and, by order of the Probate Court of Chicot County, they were permitted to do so; that title to

said stock lands passed to them, and that, on production by the trustees of their mortgage, Byers and Chapman purchased the lands and became the absolute owners of them in fee, free from all claims of the stock mortgage. The cause was submitted on bill, answer and exhibits. These show the facts as above stated.

Decree was for the State, in accordance with the prayer of the bill, condemning the lands for the *pro rata* liability and the interest due upon the stock mortgage. Mrs. Chapman appealed.

This court decided, in *Wilson v. Biscoe et al., 11 Ark., 44*, that the two conditions in the mortgages, viz., *for the payment of the bonds of the State, and interest thereon, and for the payment of all moneys received from the bank on account of subscriptions for stock*, are separate and distinct, and secure rights to the State and the holders of the State bonds, prior in point of time and equity, and a subsequent equity and security to the bank for loans made to the stockholders on account of stock, to the same extent and as fully as if two distinct instruments, the one prior to the other in point of time, had been executed for that purpose.

In the case now here, the trustees properly brought a bill to foreclose the mortgage to secure the loan made to Smith. Chapman and Byers assumed the debt and executed a new mortgage. This latter mortgage was satisfied, but the security to the State for the payment of the bonds remained intact. Chapman and Byers, by their purchase at the sale made under the decree of the Chicot Circuit Court, took the lands subject to this incumbrance.

There is no error in the decree.

Affirmed.

Hon. E. H. ENGLISH, C. J., did not sit in this cause.